51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarence Alonzo HINTON, Plaintiff-Appellant,
v.
Tom ROOT, Officer; Roger Arneson, Officer; Ionia Maximum
Facility; Michigan Department of Corrections;
Goodrich, Officer; Chapin, Officer,
Defendants-Appellees.
 No. 94-1718.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 1
 Before: MILBURN, RYAN and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 Clarence Alonzo Hinton, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Hinton sued correction officers at the Ionia Correctional Facility (ICF) in their individual capacities. Hinton alleged: 1) that the defendants violated his equal protection and Eighth Amendment rights when they allegedly assaulted him and used excessive force on May 18, 1990; 2) that defendant Root violated his equal protection rights by filing a false misconduct report on Hinton on July 17, 1991, based on discriminatory motives; and 3) that defendants Arneson, Goodrich and Chapin used excessive force against him on November 26, 1990.
 
 
 4
 A magistrate judge indicated that the Michigan Department of Corrections and ICF were not specifically named as defendants in Hinton's complaint and were, therefore, not defendants in this lawsuit. The magistrate judge recommended granting defendants Root and Arneson summary judgment on Hinton's Eighth Amendment excessive force claim regarding the alleged assault on May 18, 1990, a recommendation that was adopted by the district court. The magistrate judge then considered the defendants' summary judgment motion as it pertains to Hinton's remaining claims and recommended that defendants Goodrich and Chapin be dismissed from the lawsuit because Hinton never perfected service of process on these defendants. As to Hinton's false misconduct claim against defendant Root, the magistrate judge recommended granting summary judgment to this defendant. As to Hinton's claim against defendant Arneson concerning the November 26, 1990, incident, the magistrate judge recommended denying summary judgment to Arneson on this claim. Although advised to do so, Hinton filed no objections to the magistrate judge's March 9, 1994, report or Arneson's renewed motion for summary judgment. The district court noted this fact and accepted the report and recommendation as to defendants Chapin, Goodrich and Root, and also granted summary judgment to defendant Arneson and dismissed Hinton's case.
 
 
 5
 On appeal, Hinton's pro se brief is construed as arguing those claims which he raised in the district court. He also appears to raise new claims on appeal concerning access to the courts and an incident which occurred between Hinton and defendant Arneson on April 29, 1994. Hinton requests oral argument, a jury trial and moves for the appointment of counsel.
 
 
 6
 Initially, we note that in his brief, Hinton raises new arguments for the first time on appeal. This court will not consider Hinton's new arguments raised on appeal because he did not properly present these claims to the district court for its review. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 The district court properly entered summary judgment in favor of defendants Root and Arneson with regard to the alleged May 18, 1990, incident with Hinton because there is no genuine issue of material fact and these defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). These defendants did not use excessive force against Hinton. See Hudson v. McMillian, 112 S.Ct. 995, 998-99 (1992).
 
 
 8
 Hinton has waived appellate review of his remaining claims because he failed to file objections to the magistrate judge's March 9, 1994, report and recommendation and because Hinton never responded to Arneson's memorandum concerning the November 26, 1990, excessive force claim against that defendant. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). However, even if Hinton filed timely objections to the magistrate judge's March 9, 1994, report and recommendation, his remaining claims are without merit. Furthermore, defendants Chapin and Goodrich were properly dismissed from Hinton's lawsuit because Hinton failed to serve these defendants with the complaint within 120 days. See Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir.1991).
 
 
 9
 Accordingly, we deny Hinton's requests for miscellaneous relief, deny the motion for the appointment of counsel, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation